UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Derek Richard Gullickson,

             Petitioner,

  vs.                               REPORT AND RECOMMENDATION

David Crist, Warden, and
Mike Hatch, Minnesota
Attorney General,

             Respondents.     Civ. No. 06-4669 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus. See, Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Petition be dismissed with prejudice. See, Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

II. Factual and Procedural Background

In March of 2002, the Petitioner was convicted, in a Minnesota District Court, on a charge of Second Degree Possession of Methamphetamine. As a result, he was sentenced to 144 months in prison. See, Petition, Docket No. 1, at ¶¶ 1-4. The Petitioner's submissions provide that he is currently incarcerated at the Minnesota Correctional Facility, in Lino Lakes, Minnesota.

Following his conviction in 2002, the Petitioner did **not** file a direct appeal. In fact, the Petitioner made no effort to challenge his conviction, or sentence, by any means until July 7, 2005, when he filed a Post-Conviction Motion in the State Trial Court. See, Response to Order to Show Cause, Docket No. 4, at p. 2.[1] In his Post-Conviction Motion, the Petitioner contended that his sentence should be vacated, pursuant to the United State Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).

---

[1] When the Court initially reviewed the Petitioner's filings, it was unclear whether this action was time-barred, because the Petitioner was challenging a conviction, and sentence, which was entered more than four (4) years ago. Therefore, by Order dated November 30, 2006, see, Docket No. 3, the Petitioner was directed to show cause as to why this case should not be summarily dismissed due to its untimeliness. The Petitioner filed a timely response, see, Docket No. 4, which provides the procedural history that is required for our determination of the timeliness of the Petition.

The Petitioner's Post-Conviction Motion was denied on August 15, 2005, and thereafter, he filed his first appeal. See, <u>Response to Order to Show Cause</u>, <u>Docket No. 4</u>, Att. A, at p. 2. The Minnesota Court of Appeals upheld the denial of the Post-Conviction Motion, concluding that <u>Blakely</u> is not retroactively applicable upon collateral review. <u>Id.</u> at 4. The Petitioner sought further review of his <u>Blakely</u> claim in the Minnesota Supreme Court, but that request was denied on October 26, 2006. See, <u>Response to Order to Show Cause</u>, at p. 2.

The Petitioner's current Federal Habeas Petition is dated November 15, 2006, and was filed on November 29, 2006. See, <u>Docket No. 1.</u> His Petition presents the same <u>Blakely</u> claim that the Petitioner attempted to raise in his State Post-Conviction proceedings.[2] However, we find that the current Petition must be summarily dismissed, without reaching the merits of any of the Petitioner's arguments, because his Petition was not filed before the expiration of the one-year statute of limitations that is applicable to Federal Habeas Petitions.

---

[2] Although the Petitioner's description of his grounds for relief does not specifically refer to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), the claim presented is essentially the same as the <u>Blakely</u> claim he presented to the Minnesota Courts. Furthermore, the Petitioner could not challenge his current confinement, based on any ground(s) other than the <u>Blakely</u> claim that was raised in the State Courts, because that is the only claim for which he has exhausted his State Court remedies, as required by Title 28 U.S.C. §2254(b).

III. <u>Discussion</u>

A. <u>Standard of Review</u>. On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the Federal Habeas Corpus statutes. One of those changes was incorporated into Title 28 U.S.C. §2244(d), which established a new, one-year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who seek a Federal Court's review of a State Court conviction or sentence. The new provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction or sentence, must ordinarily file his Petition within one (1) year after his Judgment of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244 (d)(1).

The statute provides, however, that this deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction Relief in the State Court. See, Title 28 U.S.C. §2244(d)(2). Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and the application for Post-Conviction Relief, is counted towards the one-year limitation period. See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d 1255, 56 (8th Cir. 2001)("A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed, and the date that an application for state post-conviction relief is filed, counts against the one-year period.").

B.   Legal Analysis.  Here, the Petitioner is challenging his sentence, which was entered, along with a Judgment, on March 27, 2002. See, Petition, at p. 2. Since he did not pursue a direct appeal, that Judgment became final, for purposes of Section 2244 (d)(1)(A), upon "the expiration of the time for seeking such review." As provided by the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from

in felony and gross misdemeanor cases * * *." Rule 28.02, Subdivision 4(3), Minnesota Rules of Criminal Procedure. Thus, the deadline for seeking direct appellate review of the Petitioner's conviction and sentence was June 25, 2002 -- that is ninety (90) days after entry of his Judgment of conviction and sentence. The limitation period established by Section 2244(d)(1)(A), for seeking Federal Habeas Corpus relief, expired one year later on June 25, 2003. See, Title 28 U.S.C. §2244(d)(1)(A)("The limitation period shall run from * * * the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review**.")[emphasis added]; Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)(The running of the statute of limitations for purposes of Section 2244(d)(1)(A) is triggered by the completion or denial of certiorari proceedings before the United States Supreme Court or, "if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the [90 days] allowed for filing a petition for the writ.").[3] The Petitioner did not file his current Petition, however, until

---

[3]Since the Petitioner filed no direct appeal in the Minnesota Appellate Courts, we have no basis to extend the deadline for the ninety (90) days which would have been available to seek a Writ of Certiorari in the United States Supreme Court, and accordingly, the applicable statute of limitations runs from ninety (90) days after his
(continued...)

November 29, 2006, which was nearly three (3) years after the applicable limitation period, as established in Section 2244(d)(1)(A), had expired. Therefore, it is readily apparent that the present Petition is time-barred, unless it can be saved by the tolling provisions of Section 2244(d)(2).

The tolling provisions of Section 2244(d)(2) cannot assist the Petitioner, as the statute of limitations had already expired before he filed his Post-Conviction Motion in the Trial Court. The Post-Conviction Motion was filed on July 7, 2005, see, Response to Order to Show Cause, at p. 2, which was over two (2) years after the Federal Habeas statute of limitations had already expired. Since the limitation period expired long before Petitioner's Post-Conviction Motion was filed, that Motion could not have tolled the Federal statute of limitations. See Jackson v. Ault, 452 F.3d 734, 736 (8th Cir. 2006)("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."); Painter v. Iowa, supra at 1256 ("[B]y the time [the petitioner] filed his state court application [for post-conviction relief] * * * there was no federal limitations period remaining to toll."); see also, Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991 (2000)(State Post-

---

[3](...continued)
sentence and Judgment became final under Minnesota law.

Conviction Motion filed after the §2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled.").

The Petitioner may think that his State Post-Conviction Motion did not merely toll the running of the statute, but somehow should "reset the clock," giving him a fresh new one-year limitation period that did not begin to run until all of his State Post-Conviction proceedings were complete. Such a belief, however, would be inaccurate. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48 n. 4 (1st Cir. 2005)[citations omitted].[4] Thus, the tolling

---

[4] As the Court explained, in Sorce v. Artuz, 73 F. Supp.2d 292, 294 (E.D.N.Y. 1999):

> The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired.

See also, Lucidore v. New York State Div. of Parole, 1999 WL 566362 at * 4 (S.D. N.Y., August 3, 1999), aff'd, 209 F.3d 107 (2nd Cir. 2000), cert. denied, 532 U.S. 873 (2000)("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by

(continued...)

provision of Section 2244(d)(2) cannot help the Petitioner here, because he did not file his State Post-Conviction Motion before the one (1) year statute of limitations expired on June 25, 2003.

As a consequence, unless the Petitioner falls within one (1) of the exceptions that are detailed in Section 2244(d)(1)(B), (C), or (D), his Petition should be dismissed as time-barred. Here, the Petitioner has not alluded to any State impediment to the commencement of either his State or Federal Habeas Petition, as recognized by Section 2244(d)(1)(B). Furthermore, the Petitioner has not advanced a factual predicate that was not apparent as of the date when either the direct review, or his State Post-Conviction proceedings, had concluded. Therefore, Section 2244(d)(1)(D) is inapplicable.

The only potential avenue, which is left to the Petitioner, would require a cogent showing that there is a newly recognized Constitutional right, as determined by the United States Supreme Court, which has been made retroactively applicable to future cases on collateral review. In that regard, the Petitioner suggests that, because

---

⁴(...continued)
bringing a belated state collateral attack."); <u>Broom v. Garvin</u>, 1999 WL 246753 at *1 (S.D.N.Y., April 26, 1999)("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

he is seeking relief based on Blakely, the starting date of the one-year statute of limitations was delayed, pursuant to Section 2244(d)(1)(C), until the date when Blakely was decided, which was June 24, 2004. See, Response to Order to Show Cause, Docket No. 4, at p. 3. However, we conclude that the Petitioner is not excused from the one-year period of limitations under Section 2244(d)(1)(C), for two (2) reasons.

First, for the exception of Section 2244(d)(1)(C) to apply, the newly recognized right, as enunciated by the United States Supreme Court, must be made retroactively applicable to cases on collateral review. See, Title 28 U.S.C. §2244(d). The great weight of authority, as well as case law from within this Circuit, convinces us that the exception of Section 2244(d)(1)(C) does not apply to the rule announced in Blakely. See, United States v. Duran, 147 Fed.Appx. 625, 626, 2005 WL 2897897 (8th Cir., November 4, 2005) United States v. Stoltz, 149 Fed.Appx. 567, 569 (8th Cir. 2005) ("Accordingly, this court holds that Blakely does not apply retroactively to convictions or sentences on collateral review."); Schardt v. Payne, 414 F.3d 1025, 1035-37 (9th Cir. 2005)(finding that Blakely did not announce a new substantive rule, or a "watershed" procedural rule); United States v. Price, 400 F.3d 844, 848-49 (10th Cir. 2005)(same), cert. denied, --- U.S. ---, 126 S.Ct. 731 (2005); United States v.

Arrington, 2005 WL 1522124 at *2 (D. Minn., June 28, 2005)(same); Lloyd v. Caraway, 2005 WL 1330957 at *4-5 (D. Minn., June 1, 2005)(summarizing case law); Jackson v Dingle, 2005 WL 1270594 (D. Minn., May 25, 2005)(same); see also, Schiriro v. Summerlin, 542 U.S. 348, 351-56 (2004)(holding that the rule announced in Ring v. Arizona, supra, was not a substantive rule, and was not a watershed procedural rule);[5] Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005)(holding that the Supreme Court's decision, in Booker, does not apply retroactively); Verela v. United States, 400 U.S. 864, 867 (11th Cir. 2005) (same); United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001)(finding that the Supreme Court, in Apprendi, did not announce a watershed rule). Therefore, we hold that the rule announced in Blakely does not apply retroactively on collateral review, and accordingly, we find that the Petitioner may not rely on Blakely as a ground for Habeas Corpus relief. See, In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Blakely

---

[5]The rules announced in Ring, and Blakely, parallel each other to such an extent that, at least within this District, the holding in Shiriro v. Summerlin, 542 U.S. 348, 352-55 (2004), has been found to be controlling on the question of whether Blakely applies retroactively. See, United States v. Arrington, 2005 WL 1522124 at *2 (D. Minn., June 28, 2005); Jackson v Dingle, 2005 WL 1270594 at *1 (D. Minn., May 25, 2005).

does not apply retroactively on collateral review); <u>Gutierrez v. United States</u>, 2005 WL 1490361 at *1 (D. Minn., June 23, 2005)(same).

Second, even if <u>Blakely</u> were retroactively applicable on collateral review -- which we find not to be the case -- here the Petition was still untimely because the Petitioner did not seek any relief until more than one (1) year after <u>Blakely</u> was decided. As noted above, <u>Blakely</u> was decided in June of **2004**; but the Petitioner did not seek any relief from his conviction or sentence, in any court, until he filed his State Post-Conviction Motion in July of **2005**. Therefore, even if <u>Blakely</u> were retroactively applicable on collateral review, Section 2244(d)(1)(C) would not advance the Petitioner's cause, because he did not initiate **any** Court challenge until more than one (1) year after <u>Blakely</u> was decided.

In sum, we conclude that the Petitioner's request for Habeas relief is time-barred, and therefore, we recommend that this action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In addition, since the Petitioner's Habeas claims cannot be entertained on their merits, we further recommend that the Petitioner's pending application for leave to proceed <u>in forma pauperis,</u> be denied as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1.  That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily dismissed.

2.  That the Petitioner's application for leave to proceed in forma pauperis, [Docket No. 2] be denied as moot.


Dated: December 27, 2006               s/Raymond L. Erickson
                                       Raymond L. Erickson
                                       CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **January 16, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 16, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.